IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI AT KANSAS CITY

| | |
|---|---|
| BONNIE RODRICK<br>903 E. 2nd<br>Maryville, MO 64468<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.<br><br>Serve:<br>　CT Corporation<br>　120 South Central Ave.<br>　Clayton, Missouri 63105<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>) Case No. 07-0768-CV-W-FJG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES

**I. PRELIMINARY STATEMENT**

COMES NOW, Plaintiff Bonnie Rodrick, by and through her attorney of record, Kevin Baldwin, and brings these causes of action against Defendant Wal-Mart hereinafter referred to as "Defendant," based upon injuries received in a trip/slip and fall accident. For her causes of action, Plaintiffs state the following:

**II. PARTIES, JURISDICTION & VENUE**

　　1.　Plaintiff Bonnie Rodrick, is an individual and citizen of the United States, residing at 903 E. 2nd Street in Maryville, Missouri, along with her husband, Elbert Roderick, who was a citizen of the State of Missouri and who passed away on June 8, 2005.

　　2.　Defendant Wal-Mart Stores, Inc., (hereafter "Defendant Wal-Mart") is a corporation organized under the laws of the State of Delaware and recognized under the

1

laws of the State of Missouri and, at all times mentioned herein, has conducted a retail sales business in Kansas City, Missouri and the Western District of Missouri.

3. The acts, omissions and/or negligent acts described herein were performed by and through Defendant Wal-Mart's authorized employees acting within the course and scope of their employment, subject to the right of Defendant Wal-Mart to control their activities and conduct.

4. The amount in controversy, exclusive of interests and costs, exceeds the sum of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

5. Defendant Wal-Mart transacted business and/or committed tortious acts in the Western District of Missouri. This is an action in which the District Courts of the United States have been given original jurisdiction under the provisions of 28 U.S.C. §1332, in that diversity of citizenship exists between Plaintiffs and Defendants, and based upon information and belief, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

6. Plaintiffs' Complaint for Damages was filed with the Court within five (5) years of the facts of the occurrence that give rise to the causes of action and, as such, Plaintiffs' claims are not barred by any statute of limitations, Mo. Rev. STAT. §516.120.

7. At all times mentioned herein, Defendant Wal-Mart's store #801, located at 1605 S. Main Street, in Maryville, Missouri was open to the public selling retail items.

8. Plaintiffs have attempted settlement with the Defendant, but all attempts have resulted in no settlement to date, thereby forcing Plaintiffs to file this lawsuit pursuant to Missouri Tort Law and pursuant to Mo. Rev. STAT. §537.067 with regard to joint and severable liability.

## III. FACTS COMMON TO ALL COUNTS

9. Plaintiffs adopt and incorporate by reference, as though fully set forth herein, paragraphs 1 through 8 of this First Amended Complaint.

10. On April 2, 2004, Plaintiff Bonnie Rodrick was a customer and business invitee of Defendant Wal-Mart at its Maryville, Missouri location (Store #801).

11. During her shopping excursion, Plaintiff Bonnie Rodrick was walking in the common area in front of Defendant Wal-Mart's public drinking fountain when the Plaintiff tripped on the folded wet mat on the floor in front of the fountain.

12. After falling to the floor, Plaintiff Bonnie Rodrick was unable to get up and was in a great deal of pain.

13. Defendant Wal-Mart Employee Lonnie Sheffie, a management employee of Defendant Wal-Mart, came to assist the Plaintiff.

14. Plaintiff Bonnie Rodrick informed them that she was injured and couldn't move or get up.

15. Defendant Wal-Mart's manager, Lonnie Sheffie, did not call for paramedics, an ambulance, the fire department, or other medical personnel to assess the condition of Plaintiff Bonnie Rodrick while she was lying on the floor.

16. Defendant Wal-Mart's management employee, Lonnie Sheffie, then attempted to lift Plaintiff Bonnie Rodrick to her feet.

17. When Defendant Wal-Mart's management employee, Lonnie Sheffie attempted to lift Plaintiff Bonnie Rodrick to her feet, it caused sharp and shooting pains in Plaintiff's hip and back and she screamed out in pain.

18. Defendant Wal-Mart management employee, Lonnie Sheffie then dropped Plaintiff Bonnie Rodrick back onto the floor, thereby causing Plaintiff more pain.

19. Defendant Wal-Mart employees then paged Plaintiff's family members to come to the front of the store. When they arrived, they found Plaintiff Bonnie Rodrick prone on the floor, moaning in pain and surrounded by Wal-Mart employees.

20. As a result of her trip and fall, Plaintiff suffered extreme humiliation and embarrassment by having to remain prone on the floor in the public area, in pain and in view of other patrons.

21. Defendant Wal-Mart's employees refused to call an ambulance, paramedics, or other emergency personnel.

22. Plaintiff's daughter, Cissy Christian, called for an ambulance.

23. Plaintiff Bonnie Rodrick was taken to St. Francis Hospital in Maryville, Missouri, where she was x-rayed and diagnosed with a trochanteric fracture of the subcapital portion of the left humeral head (broken left hip).

24. Plaintiff Bonnie Rodrick had to undergo orthopedic surgery in which pins and a screw were placed into her left femur to treat the broken hip, commonly referred to as an IM nailing.

25. The initial procedure did not alleviate the problem and approximately 60 days later, Plaintiff had to undergo a second subsequent surgery to have hip revision surgery done in which the pins and screws from the first surgery were removed and Plaintiff's hip was replaced.

26. As a result of the injury, Plaintiff Bonnie Rodrick endured two (2) painful surgeries, a prolonged recovery, extensive physical therapy, chronic pain, and had to reside in nursing home. Plaintiff now suffers permanent reduced mobility.

27. As a result of the injury, Plaintiff Bonnie Rodrick has in the past and will continue to suffer into the indefinite future, physical pain, emotional distress, reduced mobility, depression and anxiety.

## IV. CLAIMS FOR DAMAGES

### CLAIM OF PLAINTIFF BONNIE RODRICK FOR INURIES

28. Plaintiffs adopt and incorporate by reference, as though fully set forth herein, paragraphs 1 through 27 of this Complaint.

29. At all times relevant in this matter, Defendant Wal-Mart operated a retail store located at 1605 S. Main Street in Maryville, Missouri (Store #801), and, as such, owed a duty to its invitees to exercise reasonable and ordinary care in making its premises safe.

30. On April 2, 2004, Plaintiffs Bonnie Rodrick was a business invitee of Defendant Wal-Mart as it was operating a retail store open to the public.

31. On April 2, 2004, Defendant Wal-Mart created and maintained a dangerous condition in the walkway near the public water fountain area of Defendant's Store #801 by allowing the mat on the floor to be "rolled" or sticking up so as to be an obstacle for customers and business invitees.

32. Defendant owed Plaintiff Bonnie Rodrick a duty to exercise reasonable care for her safety and to maintain the walkways in its store in a reasonably safe condition.

5

33. On April 2, 2004, Plaintiff was shopping in Defendant's store.

34. Defendant Wal-Mart owed Plaintiff Bonnie Rodrick a duty to exercise reasonable care for her safety.

35. As Plaintiff walked in the isle near the water fountain at the front of the store directly in front of the cahier stations, she tripped and fell on a mat lying on the floor in front of the water fountain and sustained the injury and damage alleged herein.

36. Defendant Wal-Mart was negligent in one or more of the following respects:

    a. Permitted the mat to be curled at its edges for a long period of time prior to Plaintiff's fall and thus create a dangerous obstruction on the floor.

    b. Placed a dangerous and defective mat on the floor of its public isle near the cashier stations and public water fountain.

    c. Failed to warn Plaintiff of the dangerous and defective condition of the mat in the walkway.

    d. Failed to keep the floor clear of water and slippery substances.

    e. Failed to exercise ordinary care for the safety of the Plaintiff.

37. Defendant was negligent when it failed to exercise reasonable care to protect Plaintiff Bonnie Rodrick and other invitees against the danger posed by the hazardous condition of Defendant Wal-Mart's mat on the floor in front of the drinking fountain in that it failed to warn invitees of the danger, inspect the area in a timely manner to address the danger, take necessary remedial actions to make the area safe for invitees, and to take any actions to warn or barricade the area to put invitees on notice of the danger.

38. Defendant Wal-Mart was further negligent in the training, supervision and control of Defendant Wal-Mart's management employee, Lonnie Sheffie in his response to Plaintiff Bonnie Rodrick's trip and fall, in that said Defendant Wal-Mart's management employee, Lonnie Sheffie, physically and negligently attempted to lift Plaintiff Bonnie Rodrick from a prone position on the floor where he had fallen without first obtaining any medical assessment of his condition, thereby exacerbating her condition (making it worse) and causing her additional pain and injury.

39. At all times material, Lonnie Sheffie was employed by Defendant Wal-Mart and was under Defendant Company's direct supervision and control when he committed the wrongful, intentional, negligent and reckless acts described herein.

40. Defendant Wal-Mart's management employee, Lonnie Sheffie, engaged in the afore-mentioned intentional, negligent, reckless and wrongful conduct while in the course and scope of his employment with Defendant Wal-Mart.

41. As a direct and proximate result of Defendant Wal-Mart's negligent condition of its walkway, as well as the negligent and reckless acts of Defendant Wal-Mart's management employee, Lonnie Sheffie, as set forth herein, Plaintiff Bonnie Rodrick suffered the following described painful, permanent, progressive and disabling injuries and damages: Pain, injury and disability to her left leg, femur and hip requiring two separate surgical repairs, resulting in scarring, bruising, redness, swelling, and the impairment of sleep and rest, loss of use and function of her left leg and hip, acceleration of arthritis in her left leg and hip, a "drop foot," symptoms of anxiety and depression, and impairment of her ability to work, labor and enjoy life. Plaintiff was caused to thereby endure emotional injury and mental anguish, permanent impairment of her ability to labor

and enjoy life, and she was caused in incur significant past and future medical expenses. Plaintiff has endured in the past, and will continue to endure into the indefinite future, severe physical pain and suffering and mental anguish.

42. Plaintiff Bonnie Rodrick's injuries could have been reasonably anticipated by Defendant Wal-Mart as a consequence of the negligence of Defendant Wal-Mart and its employees. All of the afore-mentioned injuries were either caused by the events and occurrences of April 4, 2004, and/or resulted from the aggravation of pre-existing conditions or disabilities.

WHEREFORE, Plaintiff Bonnie Rodrick prays for judgment against the Defendant in an amount that is fair, reasonable and just under the premises, and for her costs herein incurred and expended, and for such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES IN THIS COMPLAINT TRIABLE TO A JURY.

Respectfully submitted,

　/s/ Kevin Baldwin　
Kevin Baldwin, Mo. Bar No. 49101
**BALDWIN & VERNON**
11 E. Kansas Street
Liberty, Missouri 64068
Phone (816) 842-1102
Fax (816) 842-1104
ckevinbaldwin@aol.com
Kevin@bvalaw.net
ATTORNEY FOR PLAINTIFF