# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BONNIE RODRICK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-0768-CV-W-FJG |
| ) | |
| WAL-MART STORES EAST, L.P., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending in this matter is Defendants' Objections and Motion to Strike Plaintiff's Deposition Designations of Dr. Patrick Dawson (Doc. No. 64).

On April 20, 2009, plaintiff filed her deposition designations (Doc. No. 60). Plaintiff has designated deposition testimony of only one witness, Dr. Patrick Dawson, and her designation states in full: "Plaintiff designates the entire deposition of Dr. Dawson, which was taken via video, for use in this case, subject to the objections of the parties. Plaintiff anticipates that an edited version of the video may be presented to and viewed by the jury." See Doc. No. 60.

On April 27, 2009, defendants filed the pending objections and motion to strike (Doc. No. 64). Defendants indicate that they object to all deposition testimony of this witness because (1) plaintiff designated the entire deposition without specifying which page and line numbers plaintiff intends to read; (2) it has not been shown that this witness is unavailable; (3) plaintiff has failed to comply with the Court's scheduling and trial order because the Third Amended Scheduling Order (Doc. No. 55, p. 9, § 5.a) requires page and line number designations. Defendants request that the Court strike plaintiff's Deposition Designations of Dr. Patrick Dawson, or alternatively sustain Defendants' general objections and preclude the reading of any testimony of Dr. Dawson.

On May 11, 2009, Plaintiff filed a response to defendants' motion (Doc. No. 71). Plaintiff indicates that, "It is Counsel's practice, when presenting medical testimony to a Court or jury, to work collaboratively with opposing counsel to present an edited video of the testimony for use at trial and to present any objections to the Judge which the parties wish to have ruled on. . . . It is this approach which Counsel for Plaintiff anticipated utilizing in this matter." Plaintiff indicates that she is "willing to designate the video testimony of Dr. Dawson by page and line, if the Court believes this is the preferred method of designation."

Defendants reply that: (1) Plaintiff has not demonstrated why the deposition testimony is not hearsay, as she has not shown that Dr. Dawson is unavailable (pursuant to Fed. R. Civ. P. 32(a)(4)), or that he is an adverse party (pursuant to Fed. R. Civ. P. 32(a)(3)); (2) plaintiff's deposition designation does not comply with the specific and unambiguous instructions provided by the Court's Scheduling Order (Doc. No. 55); (3) plaintiff did not seek collaboration or input from defense counsel prior to the deposition designation deadline; (4) plaintiff's "shotgun designation punts the issue for a later, unspecified date, which is in contradiction with the Scheduling Order, counterproductive, and ultimately prejudicial to Defendants"; and (5) plaintiff's reference in her response to a purported agreement between the parties with respect to Dr. Dawson's deposition is misleading, as no agreement was had between the parties with regards to any aspect of Dr. Dawson's deposition.

The Court agrees with defendants that plaintiff's deposition designations are improper. However, given that trial is still several months away, the Court **ORDERS** plaintiff to re-submit her deposition designations as to Dr. Dawson, giving page and line references, on or before **JUNE 12, 2009.** In the same filing, plaintiff shall also explain why she believes this witness will be unavailable for trial. Defendant shall file any objections to the proposed deposition designations on or before **JUNE 19, 2009.** Defendants' motion to strike (Doc. No. 64) will be **DENIED** without prejudice to its future assertion upon the

filing of proper deposition designations.

The Court cautions plaintiff's counsel to review the filing requirements of the Court's Third Amended Scheduling and Trial Order (Doc. No. 55) with care, as this is the second problem since April 2009. See Doc. Nos. 56, 57, and 69. "[A] district court's Scheduling Order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril.'" See Woods v. Sherwood Medical Co., 1996 U.S. Dist LEXIS 21919 at *20 (W.D. Mo. Jan. 2, 1996)(J. Sachs).

**IT IS SO ORDERED.**

                                          **/S/FERNANDO J. GAITAN, JR.**
                                          Fernando J. Gaitan, Jr.
                                          Chief United States District Judge

Dated:   06/01/09
Kansas City, Missouri