**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| BONNIE RODRICK )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>WAL-MART STORES EAST, L.P., et al., )<br> )<br> Defendants. ) | No. 07-0768-CV-W-FJG |

# ORDER

Pending before the Court are (1) Defendant's Objections to Plaintiff's Proposed Deposition Designations (Doc. No. 85) and (2) Defendant's Supplemental Motion in Limine (Doc. No. 94). Both will be considered below.

**I.    BACKGROUND:**

Plaintiff is a resident of Maryville, Missouri, who alleges she was injured in a slip-and-fall at a Wal-Mart located in Maryville, Missouri. Plaintiff filed this lawsuit in federal court alleging diversity jurisdiction. Plaintiff alleges that she tripped on a folded wet mat on the floor, and after falling on the floor she was unable to get up. She alleges that defendant's employee came to assist plaintiff, and instead of calling for emergency assistance, the employee attempted to lift plaintiff to her feet. Plaintiff alleges that when she was lifted, it caused sharp pains in her hip and back, and she screamed in pain; thereafter, plaintiff alleges that the employee dropped her back onto the floor, causing more pain. Plaintiff was taken to the hospital, where she was treated for a broken hip. When her hip did not heal, plaintiff underwent a second surgery for hip replacement. Plaintiff alleges that she now has to reside in a nursing home.

## II. Defendant's Objections to Plaintiff's Proposed Deposition Designations (Doc. No. 85)

As an initial matter, the Defendant argues that plaintiff has not demonstrated that the witness, Dr. Patrick Dawson, is unavailable for trial. The Court agrees that plaintiff's explanations that this witness may be unavailable for trial (the witness's employment requirements may require him to be available to his community to provide medical assistance and the previous setting of this matter on the Fall accelerated docket) are not sufficient explanations as to why this witness is unavailable for trial. Therefore defendant's objection to Dr. Dawson's deposition designations is **SUSTAINED**, subject to reconsideration if plaintiff is able to state with certainty that Dr. Dawson will be unavailable to testify at trial.

If plaintiff is able to show prior to trial that Dr. Dawson will be unavailable to testify in person, the Court in the alternative renders the following rulings as to defendant's specific objections to the proposed deposition designations:

### SPECIFIC OBJECTIONS

| PROPOSED DESIGNATION | OBJECTION |
|---|---|
| P. 70, lines 13-22 | Lack of foundation; relevance |
|  | RULING: Sustained. |
| P. 71, lines 11-16 | Hearsay; relevance |
|  | RULING: Sustained. |
| P. 21, lines 16-18 | Hearsay; relevance; improper designation |

|  |  |
|---|---|
|  | RULING: <u>Sustained.</u> |
| P. 73, line 23 - p. 74, line 1 | Hearsay, lack of foundation, relevance |
|  | RULING: <u>Sustained.</u> |
| P. 75, line 11 - page 76, line 2 | Hearsay, lack of foundation, relevance |
|  | RULING: <u>Overruled.</u> |
| P. 104, line 24 - page 106, line 17 | Hearsay, lack of foundation, relevance |
|  | RULING: <u>Sustained.</u> |
| P. 106, line 20 - page 107, line 7 | Hearsay, lack of foundation, relevance |
|  | RULING: <u>Sustained.</u> |
| P. 48, line 25 - page 54, line 25 | Relevance |
|  | RULING: <u>Sustained.</u> |
| P. 108 line 20 - page 110, line 8 | Lack of foundation, relevance, and improper designation<br>RULING: <u>Overruled.</u> |
| P. 111, lines 8-23 | Hearsay, lack of foundation, relevance |
|  | RULING: <u>Overruled.</u> |
| P. 112, lines 3-20 | Hearsay, lack of foundation, relevance |
|  | RULING: <u>Overruled as to lines 3-10; sustained otherwise.</u> |
| P. 114, lines 1-13 | Hearsay, lack of foundation, relevance |
|  | RULING: <u>Sustained.</u> |
| P. 115, line 19 - page 116, line 2 | Hearsay, lack of foundation, relevance |
|  | RULING: <u>Sustained.</u> |
| P. 116, lines 8-16 | Hearsay, lack of foundation, vague and ambiguous, relevance |

|  |  |
|---|---|
|  | RULING: <u>Sustained.</u> |
| P. 117, line 13 - page 118, line 22 | Lack of foundation, relevance |
|  | RULING: <u>Overruled.</u> |
| P. 119, line 18 - page 120, line 4 | Lack of foundation, relevance |
|  | RULING: <u>Overruled.</u> |
| P. 121, line 17 - page 122, line 9 | Lack of foundation, relevance |
|  | RULING: <u>Sustained.</u> |

### III. Defendant's Supplemental Motion in Limine (Doc. No. 94)

Defendant moves for an order in limine prohibiting plaintiff, witnesses, or counsel from mentioning or presenting any evidence regarding the following matters:

#### A. Exhibits or Witnesses Not Revealed During Discovery

Defendant states that plaintiff failed to make certain required disclosures pursuant to FRCP 26(a), and therefore any witnesses or exhibits not disclosed and supplemented during discovery should not be admitted into evidence. Defendant further notes that, pursuant to FRCP 37(c)(1), a party that fails to disclose or supplement information according to the requirements of Rule 26 is not permitted to use undisclosed information at trial. See Troknya v. Cleveland Chiropractice Clinic, 380 F.3d 1200, 1205 (8th Cir. 2002) (affirming orders in limine sustaining plaintiffs' objections to defendants' witnesses and exhibits not identified in Rule 26 disclosures or prior to the close of discovery).

#### 1. Exhibits

Defendant states that among the exhibits that ought to be excluded are (taken from plaintiff's exhibit list, Doc. No. 59):

4

      a.      Plaintiff's purported demonstrative exhibits–Exhibits 17, 18, 19, 20, 51, 52, 53, 54, 55, 56, and 79

**Ruling:** <u>Sustained, as plaintiff has failed to timely indicate which of her proposed witnesses intend to use these exhibits at trial.</u>

      b.      Plaintiff's photographs - Exhibits 47, 48, 49, and 50

**Ruling:** <u>Denied as moot; exhibits withdrawn by plaintiff.</u>

      c.      Plaintiff's purported video of Bonnie Rodrick prior to injury - Exhibit 78

**Ruling:** <u>Sustained.</u>

      d.      Plaintiff's photographs – Exhibits 41, 42, 43, 44, 45, and 46

**Ruling:** <u>Objection withdrawn by defendant after plaintiff more specifically detailed the exhibits.</u>

### 2. **Witnesses**[1]

Defendant states the following witnesses listed in defendant's witness list (Doc. No. 58) should be excluded:

      a.      Never-disclosed witnesses pursuant to Fed. R. Civ. P 26(a)(1) or (2):

            i.      Nos. 44 (Brett Miller), 51 (Dr. Manuel Runez), 60 (Josh Volner), and 15 (Corporate Representative: Wal-Mart)

**Ruling:** <u>Denied as moot; plaintiff does not object to excluding these witnesses (*see* Doc. No. 95).</u>

            ii.      Custodians of records (Nos. 17, 18, 19, 20, 21, 22, 23, and 24)

**Ruling:** <u>Denied, unless the parties can stipulate to the authenticity of the documents. However, the parties are directed to review the Court's ruling on the use of the medical billings and medical records as exhibits, below.</u>

            iii.      Nos. 7 (Jessica Baumli); 13 (Jackie Conard); 28 (Rob

---

[1] For ease, the Court will use the witness numbers provided in the original witness list (Doc. No. 58), and not the witness numbers provided in the revised witness list (Doc. No. 103, which was filed after the filing of the supplemental motion in limine).

5

Duschein); and 62 (Keith Woolery).

**Ruling:** As Jessica Baumli is not on plaintiff's revised witness list, defendant's motion as to her will be denied as moot. With respect to witnesses Conard, Duschein, and Woolery, the Court finds that the listing of Ms. Conard in plaintiff's interrogatory response but not in her Rule 26(a) disclosures was not sufficient to alert defendant that Ms. Conard might be called as a witness. Further, the Court finds that defendant's listing of Mr. Woolery in its interrogatory responses is not sufficient; instead, plaintiff has not shown why this witness could not have been listed in her Rule 26(a) disclosures or supplemental disclosures. Finally, the Court finds that witness Duschein, whose name was derived from defendant's document WM216214C00822, likewise was not sufficiently identified by plaintiff as a witness before the close of discovery. Defendant's motion as to these witnesses is **SUSTAINED.**

      b.    Defendant's Rule 26(a)(2) objections to Witnesses 1 (Kelly Adams, RN); 3 (Mario Alcantara, PT); 4 (Randy Allman); 5 (Becky Anderson, OT); 6 (Nancy Batchelder); 8 (Lisa Butler); 9 (Janet Cain, RN); 10 (Sandra Chance, RN); 12 (Tonya Colwell); 14 (H. Conners, CRNA); 16 (Nancy Crawford); 25 (Kathleen Dagle, RN); 30 (Jason Haer, PT); 31 (R. Harl, RN); 34 (Kari Holdsworth, RN); 36 (William Jackson, RN); 37 (Teresa Klein); 41 (Karen Mears, RN); 42 (Karla Meers, RN); 43 (James Merrow, GN); 45 (L. Milligan, LPN); 46 (Mary Nye); 47 (Mary Oliver, RN); 48 (Donald Renken, PT); 57 (Diana Thoe); 58 (Jennifer Tyrakoski); and 61 (T. Wilson, RN).

**Ruling:** With respect to witnesses 3, 4, 6, 8, 12, 14, 16, 34, 37, 43, 45, 46, 48, 57, and 58, defendant's motion is denied as moot, as plaintiff has not listed these witnesses on her revised witness list. With respect to witnesses 1, 5, 9, 10, 25, 30, 31, 36, 41, 42, 47, and 61, defendant's motion is **SUSTAINED IN PART** as to the use of the witnesses to provide information that is within the realm of "treating physician" or expert testimony, and **DENIED IN PART** as to the use of these witnesses as fact witnesses. However, plaintiff is reminded that the Court has limited her to two trial days to present her case in chief. The Court is concerned that if plaintiff calls all of the witnesses she has listed in this category, she will exceed the time limits imposed by the Court. The Court believes it would be prudent for plaintiff to rethink her plan to call all of these witnesses, and directs plaintiff to file an amended witness list indicating the witnesses she actually plans to call on or before **NOVEMBER 2, 2009.**

      c.    Defendant's Rule 26(a)(2) objections to plaintiff's disclosed doctors who allegedly do not meet treating physician status (Drs. Kanti Havaldar (#33), Immanuel Uketui (# 59), Kala Danushkodi (#26), Anne Icidulla (#35), Robert Gorman (#29), Patrick Harr (#32), Patrick Dawson (#27), and Alisha Sobotka (#54)).

6

**Ruling:** <u>As to Gorman (#29) and Sobotka (#54), defendant's motion is denied as moot, as plaintiff has not included these witnesses on her revised witness list. As to doctors Havaldar (#33), Uketui (#59), Danushkodi (#26) and Icidulla (#35), defendant's motion is denied, as the Court finds that the identification of these witnesses as "attending physicians" coupled with their identification in plaintiff's Rule 26 disclosures sufficiently alerted defendant that these witnesses could testify as treating physicians and/or fact witnesses. Finally, as to Dr. Dawson, the Court finds that Dr. Dawson's testimony is relevant as rebuttal treating physician testimony to defendant's expert report as to whether plaintiff has been diagnosed with peripheral neuropathy related to her diabetes. None of these witnesses shall be allowed to testify as expert witnesses. However, plaintiff again is reminded that the Court has limited her to two trial days to present her case in chief. The Court is concerned that if plaintiff calls all of the witnesses she has listed in this category, she will exceed the time limits imposed by the Court. The Court believes it would be prudent for plaintiff to rethink her plan to call all of these witnesses, and directs plaintiff to file an amended witness list indicating the witnesses she actually plans to call on or before **NOVEMBER 2, 2009.**</u>

        d.      Plaintiff's identified witnesses are not experts

**Ruling:** <u>Sustained, as plaintiff agrees that none of her witnesses are experts and she does not intend to call any of her witnesses to offer expert testimony.</u>

### B.    Any Medical Record/Billing not Properly Disclosed

Defendant argues that an evasive discovery disclosure must be constructively treated as a failure to disclose. Fed. R. Civ. P. 37(a)(4). Defendant states that plaintiff's Rule 26 initial disclosure listed only two very broad and non-descriptive categories of documents: Medical Records and Medical Bills (<u>See</u> Doc. No. 94, Ex. A). Instead of providing specific medical records to defendant that were responsive to defendant's requests, plaintiff provided medical authorizations (<u>see</u> Doc. No. 94, Ex. E). Defendant states that plaintiff has made no attempt to specify which medical bills or records she intends to use at trial. Notably, plaintiff's exhibit lists (Doc. No. 59, Exs. 57-77) provides no indication of Bates numbers, dates, or any other identifying information as to the medical bills and records plaintiff seeks to introduce at trial. Instead, plaintiff only indicates which hospital or provider the medical bills and records come from. Defendant states that it is undisputed that plaintiff has a long history of a variety of health issues, and her medical records are extensive and mostly unrelated to the incident or injuries alleged in this case. Defendant believes that it should not be defendant's responsibility to go through a plaintiff's substantial medical records and anticipate which records plaintiff intends to use at trial. Defendant further notes that plaintiff did not attempt to get a record custodian deposition, nor did she attempt to agree to a stipulation to the identity and foundation of exhibits (which, at a minimum would have given defendant notice as to which particular documents plaintiff might use at trial).

**Ruling:** <u>Due to the vagueness of plaintiff's exhibit lists, which fail to detail which particular medical bills and records plaintiff seeks to introduce at trial, the Court tends to agree with defendant's position. However, the Court recognizes that if plaintiff were precluded from introducing her medical records and bills into evidence, the presentation of her case would be hampered. Therefore, the parties should be prepared to discuss the best way to deal with the difficulties created by plaintiff's inadequate identification of these documents on her exhibit list during the previously-scheduled pre-trial conference, to be held on October 29, 2009, at 11:15 a.m.</u>

**IT IS SO ORDERED.**

                                                **/S/FERNANDO J. GAITAN, JR.**
                                                Fernando J. Gaitan, Jr.
                                                Chief United States District Judge

Dated:   10/26/09
Kansas City, Missouri