IN THE UNITED STATES DISTRICT COURT FOR THE
                       WESTERN DISTRICT OF MISSOURI
                             WESTERN DIVISION

BONNIE RODRICK,                )
                               )
         Plaintiff,            )
                               )
    v.                         )     Case No. 07-0768-CV-W-REL
                               )
WAL-MART STORES EAST, LP,      )
                               )
         Defendant.            )

## ORDER

Before the court is plaintiff's renewed motion in limine to exclude evidence of falls that occurred prior to the fall at issue in this case (see document 134, page 4).

In its response to plaintiff's original motion in limine to exclude evidence of prior falls, defendant stated as follows:

> The cause, nature and extent of the injuries Plaintiff suffered in this case contested. Plaintiff frequently falls. On those issues, evidence of previous incidents and injuries Plaintiff sustained are highly relevant and should be admitted. Any evidence of Plaintiff's other similar accidents is relevant and of great consequence in this case because: First, it is uncontroverted that Plaintiff Bonnie Rodrick has an extensive history of falls resulting in bone fractures. Moreover, Plaintiff admittedly had a subsequent accident since the incident at Wal-Mart, which defendant presumes Plaintiff intends to introduce and argue it is the result of her incident at Wal-Mart. It is imperative that all evidence related to Mrs. Rodrick's many falls be introduced, which goes to show Plaintiff's current physical appearance and condition. Second, **said evidence goes directly at the question whether this plaintiff has had a propensity for falling**, regardless of the condition of the surface upon which she may have been standing or walking. (emphasis added).

In its trial brief, defendant addressed this issue as follows:

A fair reading of Fed. R. Evid. 404(b) requires the admission of the type of inquiry and evidence referenced here. Such evidence is relevant to the issues in the instant case and highly probative. Certainly they bore on the question of whether Plaintiff Bonnie Rodrick's fall at Wal-Mart on April 2, 2004 was due to any negligence of Wal-Mart, or whether such fall was a result of **Plaintiff's physical condition, characteristics, and her disposition or propensity to fall**. (emphasis added).

Defendant then listed the following falls that occurred prior to the fall at issue in this case:

   1.   November 10, 1989 – Plaintiff sustained a fracture of the left proximal humerus due to a fall; reason for fall unknown or Plaintiff's own admitted fault or carelessness.
   2.   January 28, 1993 – Plaintiff sustained a fracture of the distal radius due to a fall; reason for fall unknown or Plaintiff's own admitted fault or carelessness.
   3.   November 19, 1999 – Plaintiff fractured her right proximal humerus due to a fall; reason for fall unknown or Plaintiff's own admitted fault or carelessness.
   4.   August 24, 2003 – Plaintiff fractured her left arm due to a fall (lost her balance and fell into a door).

The left proximal humerus, fractured in the first fall, is the left upper arm near the shoulder. The distal radius, fractured in the second fall, is in the forearm. The right proximal humerus is the right upper arm near the shoulder. And in the final fall plaintiff fractured her left arm.

Federal Rule of Evidence 404(b) provides that "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."

Evidence which is offered to show a propensity is improperly admitted under Rule 404(b). Old Chief v. United States, 519 U.S. 172, 181-182 (1997); Clark v. Martinez, 295 F.3d 809, 814 n.9 (8th Cir. 2002); Duckworth v. Ford, 83 F.3d 999, 1001 (8th Cir. 1996).

Defendant has offered no reason for admission of this evidence other than to show plaintiff's propensity to fall. "Plaintiff has a documented **propensity** to fall." (p. 2 of trial brief); "Certainly they bore on the question of whether Plaintiff Bonnie Rodrick's fall at Wal-Mart on April 2, 2004 was due to any negligence of Wal-Mart, or whether such fall was a result of Plaintiff's physical condition, characteristics, and her disposition or **propensity** to fall." (p.2-3 of trial brief); "Wal-Mart's disclosed medical expert has (by way of his report) opined on Plaintiff's **propensity** for falls and will certainly provide testimony in that regard." (p. 5 of trial brief); "said evidence goes directly at the question whether this plaintiff has had a **propensity** for falling" (p. 4 of response to motion in limine).

Although Rule 404(b) may permit admission of other falls evidence for reasons other than propensity, defendant has not offered any other reason in its pleadings. Expert medical evidence has been mentioned; however, none of that material is before me. Defendant merely states that an expert medical

3

opinion will be offered as to plaintiff's propensity to fall. Furthermore, because all of plaintiff's prior falls resulted in injuries to her arms, how those falls were relevant to the April 2, 2004, fall is certainly not apparent.

Even if the other falls evidence were admissible under Rule 404(b), I find that under Federal Rule of Evidence 403, the evidence would be inadmissible because the unfair prejudice to plaintiff outweighs the probative value of the evidence. "Propensity evidence carries a significant danger of unfair inference and prejudice." Gagne v. Booker, 507 F.3d 335, 343 (6th Cir. 2010). As mentioned above, injuries to arms in prior falls does not appear to be relevant to causation or to whether Wal-Mart was negligent in maintaining the mat. This is a routine slip-and-fall case. Admission of evidence of four additional falls would likely confuse the jury and clearly would cause undue delay.

Therefore, it is

ORDERED that plaintiff's renewed motion to exclude evidence of prior falls is granted.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
May 14, 2010

4